Gerald Cooley Lawrence City Attorney 201 First National Bank Tower 900 Massachusetts Street Lawrence, Kansas 66604-2868
Dear Mr. Cooley:
As attorney for the city of Lawrence, you inquire whether the city's use of a lockbox service operated by a financial institution will require compliance with K.S.A. 9-1401 et seq. governing the secured deposit of public moneys. You indicate that the city is considering contracting with financial institutions which are located out of state and which provide this service. Specifically, the issue is whether a lockbox service constitutes a "deposit of public funds" pursuant to K.S.A. 9-1401 which provides, in relevant part, as follows:
 "(a) The governing body of any municipal corporation . . . shall designate by official action . . . the state and national banks, state and federally chartered savings and loan associations and federally chartered savings banks with home offices located in the state of Kansas which shall serve as depositories of its funds and the officer and official having the custody of such funds shall not deposit such funds other than at such designated banks, state or federally chartered savings and loans associations and federally chartered savings banks. . . ." (Emphasis added).
and K.S.A. 1992 Supp. 9-1402 whichs provides as follows:
 "(a) Before any deposit of public moneys or funds shall be made by any municipal corporation . . . with any state or national bank, state or federally chartered savings and loan association or federally chartered savings bank, such municipal . . . corporation shall obtain security for such deposit in one of the following manners prescribed by this section."
The Kansas banker's association defines a lockbox service as a banking service which provides for the rapid collection of a customer's receivables and rapid credit to the customer's account. The service provided by the bank includes collecting the mail from the customer's post office box, sorting, totaling, recording the payments, processing the items and making the necessary bank deposit. The service is beneficial for a city because it involves less manpower, a quicker deposit of revenues and service improvements.
The city desires to contract with a financial institution which will collect and process the receipts the city receives from its water, sewer, and sanitation services. According to Lawrence's city finance director the city would open an account with the financial institution and authorize it to collect the receipts, process the receipts, and when the checks clear through the federal reserve system, deposit the funds immediately in the city's official depositary by the financial institution. There should be no balance in the account with the financial institution because as soon as the checks clear, the funds are transferred to the official depositary.
A depositary of public moneys is a person, real or artificial, designated by law to whom public officials may or shall confide the custody of public funds. 26A C.J.S. Depositaries sec. 7(1). A depositary denotes a contractual relationship ensuing from the delivery of money, funds or things by the depositor into the possession of a bank which receives the same upon the agreement to pay, repay or return upon the order of the depositor the money, funds, or equivalent received. 10 Am.Jur.2d Banks sec. 337. The relationship between a bank and its customer is one of debt in that the moment the money is deposited it becomes the property of the bank. The amount on deposit represents an indebtedness by the bank to the customer. 10 Am.Jur.2d Banks sec. 339.
It is the opinion of this office that a lockbox service operating in the manner described is a not a deposit pursuant to K.S.A. 9-1401 etseq. because the city is not depositing any public moneys with the financial institution providing the lockbox service. This institution merely processes the receipts and transfers the funds to the official depositary bank when the checks clear. There is no delivery of public moneys from the city to the financial institution and no agreement by the financial institution to repay those funds to the city. In addition, the relationship between the city and the financial institution providing the lockbox service lacks the debtor-creditor element that exists in a bank/customer/ depositor relationship because the receipts do not become the property of the financial institution nor is there an indebtedness created by the latter. Consequently, the city is free to contract with in-state or out-of-state financial institutions providing lockbox services without complying with K.S.A. 9-1401 et seq.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm